# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CALDERON,<br>Defendant. | Case No. 15-cr-00475-BLF-1<br><br>**ORDER REQUESTING RESPONSE; VACATING HEARING**<br>[Re: ECF 146] |

Presently before the Court is Defendant Elizabeth Calderon's motion pursuant to 28 U.S.C. § 2255 challenging the sentence imposed by this Court in the criminal matter captioned above. Having reviewed Defendant's motion in conjunction with the Court's docket, the Court will request United States to respond. The hearing set for October 9, 2018 is hereby VACATED.

## I. BACKGROUND

On September 12, 2016, Defendant pled guilty pursuant to a written plea agreement to willful filing of a personal income tax return in violation of 26 U.S.C. § 7206(1), aggravated identity theft in violation of 18 U.S.C. § 1028A, and making a false statement to a federally insured financial institution in violation of 18 U.S.C. § 1014. Memo. ISO Mot., ECF 149. Defendant was thereafter sentenced to a prison term of fifty-four (54) months. *Id.* Judgment was imposed on September 14, 2017. *Id.* Defendant filed a pro se notice of appeal but withdrew her appeal on April 27, 2018. She filed the instant motion on September 20, 2018.

## II. DISCUSSION

### A. Standard of Review

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of her conviction or sentence must do so by filing a motion to vacate, set aside or

correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**B.     Defendant's Claims**

The Court will now conduct an initial review to determine whether Defendant's motion presents a cognizable claim for relief and requires a response by the government.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Defendant alleges the following claims as grounds for relief: (1) the government breached the plea agreement by failing to inform the sentencing court of relevant information, namely Defendant's cooperation with the government; (2) Defendant's counsel at sentencing was ineffective because he (a) failed to inform the Probation Office of Ms. Calderon's cooperation with government; (b) failed to respond to the Probation Office's request for an interview at which Defendant could disclose her cooperation with the government; (c) failed to discuss the details of Defendant's cooperation in his written sentencing memo; (d) failed to move to reopen the sentencing hearing when Defendant mentioned her cooperation for the first time after sentence was imposed; and (e) failed to present statistics showing that a Guideline sentence would be above

2

the norm and that Defendant's request for a 42-month sentence, supported by the Probation Office, was consistent with the national mean and median. *See generally* Memo. ISO Mot., ECF149. Liberally construed, Petitioner's claims appear cognizable under § 2255 on their merits.

### C. Statute of Limitations

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires. *See United States v. Schwartz*, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001). As noted above, judgment was imposed in this action on September 14, 2017. Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal. And she did file an appeal but withdrew it on April 27, 2018. Using either date as the deadline then, Defendant's petition is timely.

## III. CONCLUSION

1. United States shall file, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why the motion should not be granted.

2. If Defendant wishes to respond to the answer, she shall do so by filing a reply **within thirty (30) days** of the answer being filed.

3. The October 9, 2018 hearing on the motion is hereby VACATED.

3

**IT IS SO ORDERED.**

Dated: September 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge