# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| United States,<br><br>    Plaintiff,<br><br>v.<br><br>CALDERON,<br><br>    Defendant. | Case No. 15-cr-00475-BLF-1<br><br>**ORDER RE MOTION TO VACATE; REQUESTING JOINT STATEMENT RE DISCOVERY AND SCHEDULE ON OR BEFORE FEBRUARY 22, 2019** |

On September 20, 2018, Petitioner Elizabeth Calderon filed a motion to vacate her sentence under 28 U.S.C. § 2255. ECF 146. As grounds for relief, she claims (1) that the Government breached the plea agreement by not informing the Court at sentencing that Ms. Calderon had cooperated with the Government in its investigation of other individuals, *see* ECF 149 at 6–11; and (2) that her attorney provided ineffective assistance of counsel because he too failed to inform the Court that Ms. Calderon had cooperated with the Government. *Id.* at 11–19. The Court ordered the Government to respond on September 26, 2018, and the Government responded on November 21, 2018. Ms. Calderon filed her traverse on January 3, 2019.

28 U.S.C. § 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." In determining whether a hearing and findings of fact and conclusions of law are required, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)) (alteration in original).

The Court has reviewed the record, the briefing, and the evidence submitted therewith and has determined that the factual allegations, if true, state a claim on which relief could be granted. As such the Court must make findings of fact and conclusions of law, which may require an evidentiary hearing. Specifically, resolution of the issues turns on whether and to what degree Ms. Calderon cooperated with the Government (and conversely whether and to what degree she refused to cooperate).

As such, the Court REQUESTS a joint statement from the parties concerning the following next steps: (1) the scope of discovery (if any) each party wishes to request under Rule 6 of the Rules Governing Section 2255 proceedings; (2) whether either party wishes to expand the record under Rule 7 of the Rules Governing Section 2255 proceedings; (3) whether either party believes an evidentiary hearing is required (or whether the parties believe additional discovery is necessary before this question can be answered); (4) a proposed schedule for any such discovery (and related briefing), as well as a proposed date for an evidentiary hearing that works for both parties, even if either or both parties do not believe such a hearing is warranted. To be clear, the Court does not require the parties to make any such discovery requests at this juncture; once the parties submit the joint statement, the Court will set a discovery and hearing schedule, if required.

The joint statement is due **on or before February 22, 2019**.

**IT IS SO ORDERED.**

Dated: February 5, 2019

_____
BETH LABSON FREEMAN
United States District Judge