**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIZABETH CALDERON,<br>Defendant. | Case No. 15-cr-00475-BLF-1<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART PETITIONER'S MOTION FOR DISCOVERY; REQUESTING SUPPLEMENTAL BRIEFING FROM GOVERNMENT**<br><br>[RE: ECF 166] |

Before the Court is Petitioner Elizabeth Calderon's motion for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. Mot., ECF 166. The Government opposes this motion. Opp., ECF 167; Resp., ECF 164. For the reasons discussed below, the motion is GRANTED IN PART AND DEFERRED IN PART.

**I. BACKGROUND**

On September 9, 2016, Petitioner Elizabeth Calderon agreed to plead guilty to counts 1, 20, and 21 of the indictment, for (1) filing a false tax return in violation of 26 U.S.C. § 7206(1); (2) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5); and (3) making a false statement to a federally insured institution in violation of 18 U.S.C. § 1014, respectively. ECF 149-2. Ms. Calderon entered a guilty plea on September 12, 2016. ECF 149-3. On February 1 and March 13, 2017, Ms. Calderon provided to the Government in proffer sessions certain information regarding five other individuals who had engaged in alleged criminal activity, including the phone number of one Mr. Jorge Vissani. *See* ECF 158-2. The Government indicted these five individuals on July 13, 2017. *See United States v. Vissani*, No. 17-cr-379-LHK (N.D. Cal.), ECF 1. Four of the five individuals subsequently pled guilty, and Mr. Vissani remains a

fugitive. *See Vissani*, No. 17-cr-379, ECF 77, 75, 58, 44, 55–56. Ms. Calderon was sentenced in this case on September 5, 2017. ECF 109. Neither the Government nor Ms. Calderon's attorney raised her cooperation at her sentencing hearing. *See* ECF 149-5.

On September 20, 2018, Ms. Calderon filed a motion to vacate her sentence under 28 U.S.C. § 2255. ECF 146. As grounds for relief, she claims (1) that the Government breached the plea agreement by not informing the Court at sentencing that Ms. Calderon had cooperated with the Government in its investigation of other individuals, *see* ECF 149 at 6–11; and (2) that her attorney provided ineffective assistance of counsel because he too failed to inform the Court that Ms. Calderon had cooperated with the Government. *Id.* at 11–19. The Court ordered the Government to respond on September 26, 2018, and the Government responded on November 21, 2018, ECF 155. Ms. Calderon filed her traverse on January 3, 2019. ECF 158.

On February 5, 2019, the Court held that "the factual allegations, if true, state a claim on which relief could be granted. . . . Specifically, resolution of the issues turns on whether and to what degree Ms. Calderon cooperated with the Government (and conversely whether and to what degree she refused to cooperate)." ECF 159 at 2. The Court ordered the parties to submit a joint statement regarding the need for discovery in this case. *Id.*

In the joint statement, Petitioner indicated a desire to request the following discovery under Rule 6 of the Rules Governing Section 2255 Proceedings:

(a) handwritten and/or contemporaneous electronic notes, if any, of Ms. Calderon's proffer sessions;

(b) any follow-up documents investigating the accuracy of Ms. Calderon's cooperation;

(c) internal evaluations and/or memoranda regarding Ms. Calderon's cooperation;

(d) any documents or records indicating that Ms. Calderon's cooperation was revealed to targets of investigation and/or to indicted defendants in other cases;

(e) documents regarding the government's efforts to locate Jorge Vissani in which reference is made to telephone numbers and/or other information provided by Ms. Calderon; and

(f) any documents reflecting use of information provided by Ms. Calderon.

ECF 161 at 1. The Government subsequently stated that it opposed only requests (c)–(f), *see* Resp., so the Court ordered the Government to produce documents responsive to (a) and (b) by April 3, 2019, ECF 165. The Court then ordered Petitioner to file a brief in support of her other requests, stating it would "evaluate the appropriateness of the discovery requests using the standards set forth in Federal Rule of Criminal Procedure 16 and Federal Rules of Civil Procedure 26–37." ECF 165. Petitioner filed her brief on March 12, 2019, ECF 166, which the Government opposed on March 19, 2019, ECF 167.

## II. LEGAL STANDARD

Rule 6(a) of the Rules Governing Section 2255 Proceedings states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(b) states that "a party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."

"The Supreme Court has stated that Rule 6(a) is meant to be consistent with its holding in *Harris v. Nelson*, 394 U.S. 286 (1969), in which the Court held that 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) (per curiam) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)) (internal quotation marks omitted). The Ninth Circuit has held that discovery under Rule 6(a) is required when it is "essential for the habeas petitioner to develop fully his underlying claim." *Id.* (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)) (internal quotation marks omitted). Put another way, a district court must grant discovery if it would be "indispensable to a fair, rounded, development of material facts." *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018) (quoting *Jones*, 114 F.3d at 1009). However, a court need not grant discovery based on "bald assertions and conclusory allegations," *id.*, or so that the petitioner can conduct "fishing expeditions to investigate mere speculation," *Calderon v. U.S. Dist. Court for the N. Dist. of*

3

*California*, 98 F.3d 1102, 1106 (9th Cir. 1996); *accord United States v. Finkel*, 165 F. App'x 531, 533 (9th Cir. 2006).

### III. DISCUSSION

The Court discusses each discovery request in turn.

#### Item C: Internal evaluations and/or memoranda regarding Ms. Calderon's cooperation

The Government objects to this discovery "on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and the deliberative process privilege, and also on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence." Resp. at 1. Petitioner responds that the information is "plainly relevant" because it can shed light on the strength of the Government's argument that Ms. Calderon's cooperation was a "non-event," and in turn elucidate whether Ms. Calderon's attorney, Mr. Castillo, "had a legitimate strategic reason for leaving the cooperation unmentioned." Mot. at 6–7. Petitioner claims that the Government categorized her cooperation as a "non-event" in a recent meet-and-confer call. Mot. at 3. Petitioner argues that this statement waived any claims of privilege because "the government has affirmatively put the quality of her cooperation, and its assessment thereof, in issue." Mot. at 7 (citing cases).

The Government bears the burden of demonstrating that any applicable privilege applies. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (attorney client privilege); *United States v. Nobles*, 422 U.S. 225, 238 (1975) (work product protection); *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (deliberative process privilege). The Government has made no attempt to carry its burden as to any of these privileges here.

Plaintiff's requested discovery pertains to the crux of this case: whether she provided cooperation that should have been divulged at sentencing. The Government's relevant memoranda, if they exist, may shed light on this important question. Contrary to the Government's argument, *see* Opp. at 2, it has asserted an argument that Petitioner's cooperation was neither extensive nor useful. *See* ECF 155 at 7 ("In fact, Defendant does not allege that she provided any useful information at all, and the record indicates that she did not . . . At best, the

4

record indicates that Defendant agreed to cooperate, but was ultimately unable or unwilling to provide any useful assistance, and neither the government nor her attorney believed her 'cooperation' had any relevance to her sentencing."); *id.* at 9 ("If Mr. Castillo had 'opened the door' by discussing Defendant's purported cooperation at sentencing, the government might have countered with evidence that Defendant intentionally withheld information despite her agreement to cooperate, which could have been detrimental to Defendant's position.").

If the Government wishes to keep this highly relevant information out of Petitioner's hands, it must meet its burden to demonstrate that an appropriate privilege applies, and, depending on the privilege asserted, outweighs Petitioner's need for this evidence here. The Government must file an additional brief of no more than 3 pages **on or before 7 days from the date of this Order**, indicating why an applicable privilege protects this information.

**Item D: Any documents or records indicating that Ms. Calderon's cooperation was revealed to targets of investigation and/or to indicted defendants in other cases**

The Government objects to this request to the extent it "seek[s] discovery regarding events that occurred after Defendant was sentenced on September 5, 2017." Resp. at 2. The Government argues that any disclosure by the Government of information to others after the date of Ms. Calderon's sentencing is not relevant to the decisions made at her sentencing. Resp. at 2. Petitioner agrees that such evidence is not "direct proof" of her claims but argues that it might be used to impeach the Government's claim that her cooperation was a "non-event."

The Court agrees with Petitioner that documents pertaining to events after Petitioner's sentencing on September 5, 2017 could provide impeachment evidence if the Government claims that Petitioner's cooperation prior to September 5, 2017 had no value. Of course, the key question here asserted in the Petition is the extent and quality of Petitioner's cooperation *prior* to sentencing. But events after her sentencing might reflect on the quality of her cooperation prior to sentencing. For example, if on September 6, 2017, the day after her sentencing, the Government revealed Ms. Calderon's cooperation to targets or indicted individuals, Petitioner might use this to impeach the Government's claim that at the time of sentencing her cooperation was deemed worthless.

5

As such, the Government is directed to produce any documents or records indicating that Ms. Calderon's cooperation was revealed to targets of investigation and/or to indicted defendants in other cases. If no such documents exist, the Government must respond to the following interrogatory: Did the government disclose the fact of Ms. Calderon's cooperation to any person not a government employee, and if so, when and to whom? Petitioner may use this information only for impeachment purposes, which the Government may rebut. The Government must produce responsive documents or an interrogatory response **on or before 30 days from the date of this Order.**

**Item E: Documents regarding the Government's efforts to locate Jorge Vissani in which reference is made to telephone numbers and/or other information provided by Ms. Calderon**

The Government objects to this request to the extent it "seek[s] discovery regarding events that occurred after Defendant was sentenced on September 5, 2017." Resp. at 2. Moreover, the Government argues that because Mr. Vissani is currently a fugitive, "[d]isclosure of documents regarding the government's efforts to locate Mr. Vissani, if any exist, could disrupt an active investigation into his whereabouts," such that any potential relevance is "greatly outweighed by the potential prejudice to the government." Resp. at 2. Petitioner argues that the information post-sentencing is relevant to impeachment, and that information concerning an investigation of Mr. Vissani's whereabouts can be protected via a protective order. Moreover, Petitioner offers a narrowed request for answers to specific interrogatory questions: "(a) did the government investigate the telephone number provided by Ms. Calderon as shown in the Memorandum of Interview dated March 13, 2017; (b) did the government find any information linking that telephone number to Jorge Vissani; and (c) did that telephone number assist the government in obtaining other information concerning Mr. Vissani, including but not limited to subscriber information."

Given the sensitivity and specificity of this information, the Court finds that the discovery should be limited to events occurring prior to Ms. Calderon's sentencing, which occurred over a year and a half ago thus diminishing the likelihood of it impacting any ongoing investigation by the Government. Moreover, this type of information is less probative for impeachment purposes

6

1 than the information the Court allowed above.

2 As such, the Government is directed to answer the following interrogatories: (a) on or before September 5, 2017, did the Government investigate the telephone number provided by Ms. Calderon as shown in the Memorandum of Interview dated March 13, 2017; (b) on or before September 5, 2017, did the Government find any information linking that telephone number to Jorge Vissani; and (c) on or before September 5, 2017, did that telephone number assist the Government in obtaining other information concerning Mr. Vissani, including but not limited to subscriber information.

The Government must produce responsive documents or interrogatory responses **on or before 30 days from the date of this Order.**

**Item F: Any documents reflecting use of information provided by Ms. Calderon**

The Government objects to this request to the extent it "seek[s] discovery regarding events that occurred after Defendant was sentenced on September 5, 2017." Resp. at 2.

For the reasons discussed with respect to Item D, Petitioner could use this information to impeach the Government to the extent it claims that her cooperation was not extensive or not deemed useful. The Court is not ruling that any such impeachment evidence will ultimately be admissible, but it cannot say with certainty that it would be inadmissible.

As such, the Government must produce any documents reflecting use of information provided by Ms. Calderon, except with respect to attempts to locate Mr. Vissani, **on or before 30 days from the date of this Order.**

## IV. ORDER

Accordingly, Petitioner's motion is GRANTED IN PART and DEFERRED IN PART. The Government must submit a supplemental brief regarding privilege as to Item C on or before 7 days from the date of this Order, and must respond to Petitioner's discovery requests Items D, E, and F on or before 30 days from the date of this Order. The Court will set the post-discovery briefing schedule in accordance with its Order at ECF 165 once it rules on the Item C request.

///

///

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
BETH LABSON FREEMAN
United States District Judge