# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIZABETH CALDERON,<br>Defendant. | Case No. 15-cr-00475-BLF-1<br><br>**ORDER CONSTRUING MOTION TO STAY TO BE IN PART A MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; GRANTING MOTION TO STAY AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; SETTING BRIEFING SCHEDULE**<br><br>[Re: ECF 172] |

Before the Court is the Government's motion to stay the deadlines in this case so the Government may move for the Court to reconsider its prior order ("the Order") requiring the Government to produce certain discovery. Mot., ECF 172. Petitioner opposes this request. ECF 173.

On March 28, 2019, the Court ordered the Government to file supplemental briefing indicating why an applicable privilege might protect documents responsive to Petitioner's request for "Item C: Internal evaluations and/or memoranda regarding Ms. Calderon's cooperation." ECF 168 at 4–5. On March 29, 2019, the Government responded saying "The government has not identified any documents responsive to Petitioner's discovery request Item C with respect to which it will assert any privilege." ECF 169. As such, the Court set a deadline for the Government to produce responsive documents to April 29, 2019. ECF 171. In the interim, the Government has identified two documents that it believes may be privileged. ECF 172 at 2. So the Government moved to stay the deadlines in the case so that it can file a motion for reconsideration of the Court's previous Order with respect to production of those documents. *Id.*

1 | The Court CONSTRUES this motion to also be a motion for leave to file a motion for reconsideration under Local Rule 7-9(b).  Petitioner opposes the motion as not satisfying the requirements of Local Rule 7-9(b) and as repeating arguments that the Government could have raised in its original opposition to the production requests.  ECF 173 at 2–4.

The Court finds that the Government has satisfied Rule 7-9(b) because the newly identified documents constitute "a material difference in fact . . . from that which was presented to the Court" that the Government did not discover despite reasonable diligence.  As such, the Court will temporarily stay the deadlines in the case to allow the Government to file a motion for reconsideration as to documents responsive to Item C only.  At the same time, the Government will not be allowed to argue that the plea agreement bars Petitioner from seeking discovery here, as the Government could have raised that argument in its previous briefing.

The Court GRANTS the Government's motion to stay the document production deadline only as to the newly identified documents that are the subject of the motion for reconsideration.  All other documents subject to the Court's previous Order shall be produced as previously scheduled.  The Government's motion for reconsideration is due **on or before May 2, 2019**.  Petitioner's opposition is due **on or before May 9, 2019**.  Each brief is limited to five pages.  The post-disclosure briefing schedule set forth in ECF 171 is also VACATED to ensure that Plaintiff has time to incorporate in her post-disclosure briefing the documents at issue in the motion for reconsideration, should the Court order their production.  The Court will set forth a new briefing schedule (with similar time limits) in its order on the motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge