**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIZABETH CALDERON,<br>Defendant. | Case No. 15-cr-00475-BLF-1<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; SETTING POST-DISCLOSURE BRIEFING SCHEDULE**<br><br>[Re: ECF 175] |

Before the Court is the Government's motion for reconsideration of the Court's April 25, 2019 Order (ECF 170) compelling certain discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. Mot., ECF 175. Petitioner opposes this motion in part. Opp., ECF 176. For the reasons discussed below, the motion is GRANTED.

**I.  BACKGROUND**

On September 9, 2016, Petitioner Elizabeth Calderon agreed to plead guilty to counts 1, 20, and 21 of the indictment, for (1) filing a false tax return in violation of 26 U.S.C. § 7206(1); (2) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5); and (3) making a false statement to a federally insured institution in violation of 18 U.S.C. § 1014, respectively. ECF 149-2. Ms. Calderon entered a guilty plea on September 12, 2016. ECF 149-3. On February 1 and March 13, 2017, Ms. Calderon provided to the Government in proffer sessions certain information regarding five other individuals who had engaged in alleged criminal activity, including the phone number of one Mr. Jorge Vissani. *See* ECF 158-2. The Government indicted these five individuals on July 13, 2017. *See United States v. Vissani*, No. 17-cr-379-LHK (N.D. Cal.), ECF 1. Four of the five individuals subsequently pled guilty, and Mr. Vissani remains a

fugitive. *See Vissani*, No. 17-cr-379, ECF 77, 75, 58, 44, 55–56. Ms. Calderon was sentenced in this case on September 5, 2017. ECF 109. Neither the Government nor Ms. Calderon's attorney raised her cooperation at her sentencing hearing. *See* ECF 149-5.

On September 20, 2018, Ms. Calderon filed a motion to vacate her sentence under 28 U.S.C. § 2255. ECF 146. As grounds for relief, she claims (1) that the Government breached the plea agreement by not informing the Court at sentencing that Ms. Calderon had cooperated with the Government in its investigation of other individuals, *see* ECF 149 at 6–11; and (2) that her attorney provided ineffective assistance of counsel because he too failed to inform the Court that Ms. Calderon had cooperated with the Government. *Id.* at 11–19. The Court ordered the Government to respond on September 26, 2018, and the Government responded on November 21, 2018, ECF 155. Ms. Calderon filed her traverse on January 3, 2019. ECF 158.

On February 5, 2019, the Court held that "the factual allegations, if true, state a claim on which relief could be granted. . . . Specifically, resolution of the issues turns on whether and to what degree Ms. Calderon cooperated with the Government (and conversely whether and to what degree she refused to cooperate)." ECF 159 at 2. The Court ordered the parties to submit a joint statement regarding the need for discovery in this case. *Id.*

In the joint statement, Petitioner indicated a desire to request the following discovery under Rule 6 of the Rules Governing Section 2255 Proceedings:

(a) handwritten and/or contemporaneous electronic notes, if any, of Ms. Calderon's proffer sessions;

(b) any follow-up documents investigating the accuracy of Ms. Calderon's cooperation;

(c) internal evaluations and/or memoranda regarding Ms. Calderon's cooperation;

(d) any documents or records indicating that Ms. Calderon's cooperation was revealed to targets of investigation and/or to indicted defendants in other cases;

(e) documents regarding the government's efforts to locate Jorge Vissani in which reference is made to telephone numbers and/or other information provided by Ms. Calderon; and

(f) any documents reflecting use of information provided by Ms. Calderon.

ECF 161 at 1. The Government subsequently stated that it opposed only requests (c)–(f), *see* Resp., so the Court ordered the Government to produce documents responsive to (a) and (b) by April 3, 2019, ECF 165. The Court then ordered Petitioner to file a brief in support of her other requests, stating it would "evaluate the appropriateness of the discovery requests using the standards set forth in Federal Rule of Criminal Procedure 16 and Federal Rules of Civil Procedure 26–37." ECF 165.

After briefing from the parties, the Court granted Petitioner's requests for categories (d)–(f) and asked the Government to submit additional briefing in support of its privilege arguments as to discovery in category (c). ECF 168. The Government indicated that it had "not identified any documents responsive to Petitioner's discovery request Item C with respect to which it will assert any privilege," ECF 169, so on March 29, 2019, the Court ordered the Government to produce discovery as to Item C by April 29, 2019, ECF 170. On April 24, 2019, the Government moved the Court to stay the deadline to produce responsive documents because it had identified several Item C documents that it believes may be privileged. ECF 172. Petitioner opposed this motion. ECF 173. The Court construed the motion to be a leave to file a motion for reconsideration of the Court's order granting Item C discovery and granted it. ECF 174.

On May 2, 2019, the Government moved for reconsideration of the Court's order granting Item C discovery as to two documents (ECF 175) and Petitioner opposed the motion in part.

## II. DISCUSSION

Through its motion, the Government seeks to exempt two documents from Petitioner's Item C request for internal evaluations and/or memoranda regarding Ms. Calderon's cooperation: (1) "an internal memorandum submitted by an Assistant U.S. Attorney to the Criminal Chief of the U.S. Attorney's Office on May 3, 2017, concerning the sentencing in this case, USSG § 5K1.1, and other subjects," Mot. at 1–4; and (2) "a spreadsheet prepared by a Special Agent on behalf of the U.S. Attorney's Office after Defendant filed her Motion for Discovery," Mot. at 5.

Petitioner does not oppose the Government's assertion of privilege as to the spreadsheet, so the Court GRANTS the Government's motion as to that document. However, Petitioner does

oppose the Government's assertion as to the memorandum.[1]

The Government asserts several privileges over the memorandum, and Petitioner argues in response both that the Government has waived any privilege and that the memorandum, to the extent it comments on petitioner's cooperation, is not privileged, Opp. at 2, ECF 176. Because the Court holds that the deliberative process and work product privileges protect this document and that the Government did not waive these privileges, the Court does not address the other asserted privileges. The Court first addresses the privileges and then the question of waiver.

The Ninth Circuit's decision in *United States v. Fernandez*, 231 F.3d 1240 (9th Cir. 2000) is instructive as to the privilege issues, though the procedural posture of the case is quite distinct. The district court in *Fernandez* had sanctioned the government for refusing to produce a confidential evaluation and memorandum written and submitted by the U.S. Attorney to the Attorney General for the Attorney General to use in deciding whether the Government should seek the death penalty against the defendants. *Id.* at 1242–43. The Ninth Circuit reversed, holding that the Government could properly withhold the documents pursuant to the deliberative process and work product privileges.

The Court first set forth the law with respect to the deliberative process privilege and found that it covered the evaluation and memorandum. To be protected by the deliberative process privilege, "a document must be both (1) 'predecisional' or antecedent to the adoption of agency policy and (2) 'deliberative,' meaning it must actually be related to the process by which policies are formulated." *Id.* at 1246 (internal quotation marks omitted) (quoting *Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir.1988)). The purpose of the privilege, the court recognized, is to "encourage[] forthright and candid discussions of ideas and, therefore, improve[] the decisionmaking process." *Id.* The Ninth Circuit held that the documents met both of these criteria. The documents were "predecisional" because they were submitted "*before* the Attorney General makes the final decision whether to seek the death penalty." *Id.* And they were

---

[1] Petitioner also again raises her objection to the Court's reconsideration of its original order allowing discovery. Opp at 1 n.1. The Court already rejected this argument in its order granting the Government's motion for leave to file a motion for reconsideration. ECF 174.

4

"deliberative" because they "contain[ed] opinions, recommendations, or advice about agency policies"—namely, "decid[ing] whether the death penalty is appropriate" in a given case. *Id.* at 1246–47. Importantly, the court noted that "[a]lthough the documents at issue include 'facts and evidence,' which are not protected by the deliberative process privilege, that factual material is so interwoven with the deliberative material that it is not severable." *Id.* at 1247 (citation omitted); *see also Worldnetdaily.com, Inc. v. U.S. Dep't of Justice*, 215 F. Supp. 3d 81, 83 (D.D.C. 2016) (holding that memorandum by Assistant U.S. Attorneys to their superiors recommending against prosecution was protected by deliberative process privilege).

The court then held that the work product privilege also applied. The primary purpose of the work product privilege is to "prevent exploitation of a party's efforts in preparing for litigation." *Id.* at 1247 (quoting *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "Rule 16 of the Federal Rules of Criminal Procedure recognizes the work product privilege and exempts from production 'reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case.'" *Id.* (quoting Fed. R. Crim. P. 16(a)(2)). The Ninth Circuit held that the documents in question fell "squarely within the ambit of the work product privilege as they both [were] internal government documents prepared by the U.S. Attorney in anticipation of litigation." *Id.*; *see also United States v. Zingsheim*, 384 F.3d 867, 869 (7th Cir. 2004) (holding U.S. Attorney's memoranda and reports regarding decision to file U.S.S.G. § 5K1.1 motions are protected by various privileges, including deliberative process privilege and work product privilege).

The reasoning in *Fernandez* applies equally here. The memorandum at issue is covered by both privileges. First, the memorandum is both predecisional and deliberative. Written on May 3, 2017, nearly four months before final sentencing in the case, the memorandum from the Assistant U.S. Attorney to the Criminal Chief of the U.S. Attorney's Office discusses the sentencing in the case and Section 5K1.1—that is, it contains intra-agency discussions about a final policy, namely the Government's final sentencing decision in the case, much like in *Fernandez*. The Court simply disagrees with Plaintiff that the Government's motion does not argue "that the internal

memorandum was used to formulate a decision or policy," Opp. at 4; more than half of the Government's motion is spent arguing that the memorandum is protected because it does exactly that.

Second, as Petitioner concedes, Opp. at 4, the memorandum is covered by the work product privilege because it is an internal document prepared by a U.S. attorney in anticipation of litigation. The Court disagrees with Petitioner that this case warrants an exception to non-disclosure under either privilege here. *See* Opp. at 5 (citing *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003)). Petitioner has sufficient other means for gathering evidence of the key facts in this case—namely, the extent to which she cooperated with the Government. *See N. Pacifica*, 274 F. Supp. 2d at 1124 ("[P]erhaps the most important factor in determining whether the deliberative process privilege should be overcome [is] the availability or unavailability of comparable evidence from other sources."). The Government has provided copious documentation that demonstrates the scope of Petitioner's cooperation, including summaries of the proffer meetings and documents relating to the Government's use of her information in the subsequent prosecution of other individuals. *See* ECF 168 (requiring disclosure of such documents). Though these same facts may be contained in the memorandum, Petitioner does not have a right to access this information where she can access it through other means and where it is so interwoven with the deliberative process that it cannot be severed from the Government's opinions on the matter. *See Fernandez*, 231 F.3d at 1247. Put simply, the only new information Petitioner might glean from this memorandum is the Government's opinions on Petitioner's cooperation; these opinions are privileged.

For much the same reason, the Government has not waived these privileges. The Court agrees with Petitioner that the Government has put into issue the scope of Petitioner's cooperation, including any argument that she may have intentionally withheld information. *See* Opp. at 2; ECF 155 at 9. But this is not equivalent to putting its own opinions on the matter into evidence; the Court reads the Government's arguments to be tied only to the scope and quality of Petitioner's cooperation, not to its thoughts or opinions on the matter at the time. As such, the Government will not be permitted to argue that it subjectively believed, at the time of sentencing, that

6

1 Petitioner's cooperation was not extensive. Instead, the Government will be limited to arguing that it was objectively reasonable for it to conclude that it need not have shared the cooperation with the Court based on the lack of meaningful cooperation by Petitioner.

Accordingly, the Court holds that the memorandum is privileged, and the Government has not waived this privilege. The Government's motion is GRANTED with respect to this document.

## III. ORDER

Based on the foregoing, the Government's motion is GRANTED. Discovery in this action having concluded, the Court hereby sets the following post-disclosure briefing schedule: Petitioner's post-disclosure brief is due on or before May 27, 2019. The Government's response is due on or before June 10, 2019. And Petitioner's reply is due on or before June 17, 2019. In her opening post-disclosure brief, Petitioner should inform the Court whether she believes an evidentiary hearing is necessary, and the Government may respond to any such request. Both parties should fully incorporate all arguments from their original briefs (ECF 149, 155, 158) into their post-disclosure briefing. In deciding Petitioner's Motion to Vacate, the Court will only consider arguments and evidence presented in the post-disclosure briefing.

**IT IS SO ORDERED.**

Dated: May 13, 2019

BETH LABSON FREEMAN
United States District Judge